BAUER *v.* HASTINGS GRAVEL & CONSTRUCTION CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—TEST AS TO TOTAL DISABILITY.

> The test as to an injured employee's right to compensation for total disability under the workmen's compensation act is whether he is totally disabled from doing the work he was engaged in when he was injured.

2. SAME—OPERATOR OF GASOLINE LOCOMOTIVE NOT A COMMON LABORER.

> Since an employee must have something more than the knowledge and skill of a common workman in order to operate a gasoline locomotive, one who was injured while operating one was not employed at common labor, and, therefore, his right to compensation for total disability is not to be measured by his ability to perform other common labor at which he could earn as much as he was earning when injured.

3. SAME—EMPLOYEE UNABLE TO DO SAME KIND OF WORK TOTALLY DISABLED.

> An employee injured while operating a gasoline locomotive, who is totally disabled from performing like work, is entitled to compensation for total disability, although he is capable of earning at other employment as much as he was earning when injured.

Certiorari to Department of Labor and Industry. Submitted June 13, 1928. (Docket No. 146, Calendar No. 33,589.) Decided October 1, 1928.

Carl Bauer presented his claim for compensation against the Hastings Gravel & Construction Company for an accidental injury in defendant's employ: On petition of defendant and the General Casualty & Surety Company, insurer, to discontinue

payments under an award. From an order denying the petition, defendants bring certiorari. Affirmed.

*Mason, Alexander, Ruttle, Cox & McCaslin,* for appellants.

*P. T. Colgrove* and *William G. Bauer,* for appellee.

McDONALD, J. The defendants seek to review by certiorari an order of the department of labor and industry. The plaintiff is a student and during the summer vacation in 1926 was employed by the Hastings Gravel & Construction Company to operate a gasoline locomotive used in hauling gravel out of a gravel pit. On the 24th of June, 1926, while attempting to couple the engine to a dump car, his hand caught in the coupling and was severely injured. A report of compensable injury was filed, after which the parties entered into an agreement providing for the payment of compensation at the rate of $14 per week during total disability. This agreement was approved by the board, and in pursuance thereof compensation was paid until September 22, 1926. On the 21st of January, 1927, the defendants filed a petition to discontinue the payment of compensation for the reason that the plaintiff had sufficiently recovered to resume the employment in which he was engaged at the time of the accident. A hearing was had before a deputy commissioner. He denied the prayer of the petition. On appeal to the board, the order of the deputy commissioner was affirmed. It is this order that the defendants here seek to review.

The sole question presented by the record is whether the board was right in holding that the plaintiff was entitled to compensation because he was totally disabled from performing the work in which he was engaged at the time of the accident. The

finding of the board as to the extent of the plaintiff's injuries and his total incapacity to perform the work in which he was engaged at the time of the injury is amply supported by the evidence. But the defendants claim that the test as to the plaintiff's right to compensation depends upon his ability to perform the kind of employment rather than the particular work in which he was engaged at the time of the injury. In other words, it is their claim that he is not entitled to compensation because at the time of the accident he was engaged in common labor and his disability is not such as to prevent him from performing other common labor at which he could earn as high a wage as he was earning when injured.

It is difficult to formulate a definition of common labor that will apply to all cases, but there is a common understanding of it. Everyone knows that a workman employed in shoveling gravel into a wheelbarrow is performing common labor. It requires no training or experience to do such work. Any of the mass of workmen without previous training in that or any other kind of work can do it. But not every man can care for and operate an engine. To do so he must have had previous training, knowledge, and experience. He must have something more than the common knowledge possessed by common workmen. The gasoline engine which the plaintiff was employed to operate weighed eight tons. It was attached to a dump car and was operated over a rough rail track. Though the plaintiff was familiar with the functions of gasoline engines and had experience in their operation, he was required to spend two days with an experienced operator before he was allowed to operate the one in question. It is very clear that the work plaintiff was engaged

in at the time of the accidental injury was not
common labor. Therefore the test as to his right to
compensation is not whether he could perform any
kind of common labor but whether he was totally
disabled from doing the work he was engaged in
when he was injured. This is the test applied in
*Foley* v. *Railway*, 190 Mich. 507; and *Jameson* v.
*Walter S. Newhall Co.*, 200 Mich. 514.

The order of the board is affirmed, with costs to
the plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK,
POTTER, and SHARPE, JJ., concurred.